**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PETRANKA NAYDENOVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIDLAND FUNDING, LLC, and | ) |
| FIRST NATIONAL COLLECTION | ) |
| BUREAU, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Petranka Naydenova brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Midland Funding, LLC("Midland") and First National Collection Bureau, Inc. ("FNCB"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

    b. Defendants do or transact business within this District.

### PARTIES

4. Plaintiff Petranka Naydenova is an individual who resides in the Northern District of Illinois.

5. Defendant Midland Funding, LLC is a limited liability company chartered under Delaware law with its principal offices at 3111 Camino Del Rio North, Suite 1300, San Diego,

CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. Midland is engaged in the business of acquiring or purporting to acquire consumer debts originally owed to others, and then seeking to collect such debts.

7. Midland uses the mails and telephone system in conducting its business.

8. Midland is a debt collector as defined in the FDCPA.

9. Defendant First National Collection Bureau, Inc. is a corporation with its principal offices at 610 Waltham Way, McCarran, NV 89434. It does business in Illinois. Its registered agent and office is LEXIS Document Services, Inc., 801 Adlai Stevenson Drive, Springfield, IL 62703.

10. FNCB is engaged in the business of acquiring or purporting to acquire consumer debts originally owed to others, and then seeking to collect such debts.

11. FNCB uses the mails and telephone system in conducting its business.

12. FNCB is a debt collector as defined in the FDCPA.

**FACTS**

13. In 2011, Midland Funding, LLC filed a lawsuit against Ms. Naydenova in the Circuit Court of Cook County, Illinois, case number 11 M1 116982, to collect an alleged consumer debt, supposedly consisting of a GE Money Bank account ending in 9107.

14. On or about March 29, 2011, Ms. Naydenova's undersigned counsel filed and served their appearance in 11 M1 116982. All of the allegations made by Midland were deemed denied.

15. On Sept. 15, 2011, Midland nonsuited 11 M1 116982.

16. On October 10, 2011, counsel for Midland returned the appearance fee relating to 11 M1 116982 to Ms. Naydenova's counsel.

17. At some point between Sept. 15, 2011 and January 3, 2012, Midland sent the

supposed GE Money Bank account ending in 9107 to FNCB.

18. On or about January 3, 2012, FNCB sent Ms. Naydenova, directly, the collection letter attached as Exhibit A, on behalf of Midland Funding, LLC.

19. On information and belief, Midland, and FNCB, were aware that Ms. Naydenova was represented.

20. Plaintiff was aggravated that Midland and FNCB were communicating with her directly.

## COUNT I – FDCPA

21. Plaintiff incorporates paragraphs 1-21.

22. Defendants violated 15 U.S.C. §1692c by contacting a represented party directly.

23. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    (1) Statutory and actual damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

                                                                                       s/ Daniel A. Edelman  
                                                                                       Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
EDELMAN, COMBS, LATTURNER  
      & GOODWIN, L.L.C.  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)